UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                          CRIMINAL ACTION NO. 3:06CR-31-S

MICHAEL DAVIS                                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motions of the defendant, Michael Davis, to dismiss the indictment and to suppress evidence seized in the search of his residence and his person on January 30, 2006 (Dns 20, 21).  Davis has requested a hearing.  However, no hearing is necessary inasmuch as the facts pertinent to the decision are of record in the sworn affidavit in support of the criminal complaint initially filed in this case.  The facts are undisputed.[1]  The motions to dismiss and to suppress turn on the significance of those facts.

United States Postal Inspector O.P. Suboyu of the Cleveland, Ohio Field Office posted a Yahoo! group notice for a group named "little_boy_lover," with a description which read "movies for the lovers of young little boys losing their innocence."  This was a restricted access group requiring a request for membership from anyone wishing to access the group.  On December 7, 2005, a request for membership was received from e-mail address "micedeez<micedeez@yahoo.com>.  This e-mail request was allegedly sent by Davis.  The request for membership was approved.  The main page of the group had the message, "How to Get Movies, if you truly enjoy dvd quality movies of preteen and young teen boys losing their innocence with men and other boys, then this groups [sic] is for you!!"  On December 8, 2005, Inspector Suboyu

---

[1]The facts recited below are taken from the criminal complaint (DN 1) and the transcript of the preliminary and detention hearings (DN 8), of record in this case.

received a message from micedeez@yahoo.com stating, "would love to see them! thanks, mique." Over the next five days, explicit e-mails were exchanged concerning DVDs available for purchase containing child pornography.  The communications very clearly explained to micedeez that the DVDs contained images of real minors engaged in explicitly described sex acts.  Micedeez replied, "I would like #4 & 5.  I dig mostly boi on boi.  Let me know where I can order thes. [sic] Mique." From December 13 through January 17, 2005, e-mail correspondence continued as micedeez attempted to purchase the DVDs through the mail.  He sent two money orders to a Stetson, Maine post office box for the purchase of the two DVDs.

In order to make a controlled delivery of the two DVDs, Martin Arthur of the United States Postal Inspection Service, Mid-Atlantic Child Exploitation Task Force, copied two videotapes containing child pornography seized during prior investigations and packaged them as an Express Mail package.  The package was not placed in the mail stream, but was instead transported from Cincinnati, Ohio to Louisville, Kentucky by Inspector Arthur.  Postal Inspector Lisa Fitzpatrick, posing as a letter carrier, delivered the package to Davis' door and obtained his signature in exchange for the package.  Davis took the package into his home and, approximately one minute later, law enforcement officers executed a search warrant for the residence  The DVDs, in their original packaging, were retrieved during the search, along with other child pornographic materials. Davis was arrested and later indicted for knowingly receiving and knowingly possessing child pornography  that had been transported in interstate or foreign commerce.

Davis asserts that the conduct of the United States in carrying out this investigation involved such fundamentally unfair police tactics that it amounted to outrageous conduct requiring suppression of the seized evidence and/or dismissal of the charges.  As noted in *United States v. Moore*, 916 F.2d 1131 (6th Cir. 1990),

> It has long been held that a law enforcement officer's conduct might be "so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction."  *United States v. Russell*, 411

U.S. 423, 431, 93 S.Ct. 1637, 1642, 36 L.Ed.2d 366 (1973).  In determining whether police conduct has undermined constitutional due process protections, four factors are considered:

(1) the need for the type of government conduct in relationship to the criminal activity; (2) the preexistence of a criminal enterprise; (3) the level of the direction or control of the criminal enterprise by the government; (4) the impact of the government activity to create the commission of the criminal activity.  *United States v. Johnson*, 855 F.2d 299, 305 (6th Cir. 1988)...

*Moore*, 916 F.2d at 1139.

In this instance, investigators established an e-mail group location for child pornography which could be accessed by internet users who actively sought membership in the group.  Micedeez was one of those individuals who took steps to gain access to this group.  Micedeez also communicated his interest in child pornography and sought information about the content of materials available for purchase and about the purchase of such materials.  He actively sought to make the purchase, specifically requesting pornography involving minor males.  He sent two money orders for the purchase of these DVDs and accepted and signed for the package containing these materials.

This circuit has noted that traffickers in child pornography operate in secret and therefore undercover operations are necessary to ferret out this criminal activity.  *Id.*  The court finds that the establishment of the Yahoo! group is no different in kind than the publishing of an ad in adult magazines.  *See, Id.*  This sort of offering has been found to be permissible in light of the need to locate individuals who seek out child pornography.  *See, Id.*  It was micedeez who sought membership in the little_boy_lover group and initiated contact.  The government agents did not direct or control micedeez' activities.  See, *Id.*  The DVDs which were copied and delivered were maintained in a controlled delivery and were immediately retrieved upon execution of the search warrant.  Additionally, the search yielded other child pornography in the form of four albums of photos found in Davis' residence.

This court concludes that on the facts of record, no outrageous conduct occurred in the investigation and prosecution of Davis.   For these reasons, the motions of the defendant, Michael Davis, to suppress evidence (DN 21) and to dismiss the indictment (DN 20) are **DENIED**.

**IT IS SO ORDERED.**